UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **JODIE LOUISE BYRNE,** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )  No. 1:23-cv-00460-JAW |
| | ) |
| **ALLY FINANCIAL INC.,** | ) |
| | ) |
| Defendant | ) |

**ORDER**

Jodie Louise Byrne filed a complaint (ECF No. 1) and application to proceed *in forma puaperis* (IFP) (ECF No. 2) on December 21, 2023.  That same day, I denied Byrne's IFP application, explaining,

> [Byrne] claims to have no income, a lot of debt, and only $78 in cash, but also indicates that she works for a nonprofit, owns a 2020 Jeep, and has $3,000 of monthly expenses.  Additionally, she inappropriately lists a Saint Bernard as a person who is dependent on her for $600 of support per month.  [Byrne's] confusing and inconsistent representations do not convince me that she cannot afford to pay the costs of this litigation.  Accordingly, her IFP application is DENIED, and she is ORDERED, by December 28, 2023, to pay this Court's filing fee or file a revised IFP application with detailed and accurate information about her financial situation, failing which her case will be dismissed.

ECF No. 4.

On December 27, 2023, Byrne filed a confusing and disturbing letter.  *See, e.g.*, ECF No. 5 at 2 ("I think the courts are not wise to ask for more data and it's rather insulting."); *id.* at 2-3 ("The court and Ally are abusing me so horrifically I don't want to live. . . . My Saint Bernard is keeping me alive.  The US Court system is killing me along with the American Culture."); *id.* at 3 ("This court has engaged in violence

1

against me. How imprudent are the accomplished Judges in this county. Judges are illusionary figures. This court can't comprehend math and cannot understand Domestic Violence."); *id.* at 4 ("This court has caused this horrific nightmare and If I live much longer with this abuse I will be surprised."). In her letter, she included a screenshot of a checking account with a $20.99 balance.

The next day, I entered the following order:

> Treating [Byrne's] latest correspondence as a motion for reconsideration of my order denying her [IFP application], it is DENIED. The Court's obligation when any IFP application is filed is to carefully assess the financial information provided at that time to determine if a plaintiff's financial situation is such that she cannot pay the court's filing fee or other costs associated with the commencement of a suit. Any such litigant is required to provide sufficient detail regarding income, assets, debts, and expenses. [Byrne's] initial application (ECF No. 2) does not provide sufficient detail and raises more questions for the Court than it answers. For example, [Byrne] generally indicates that she has approximately $3,600 per month in expenses, but does not itemize those expenses or set forth income or other source(s) of funds to pay such expenses. She generally states that she has "100K out" for debts/financial obligations but does not attempt to identify or itemize those obligations. She references a business but provides scant detail about it. Her recent correspondence providing a bank statement screen shot is not sufficient. I will give [Byrne] until January 8, 2024, either to pay the filing fee or file a revised IFP application with more information about her financial circumstances, failing which I will recommend the dismissal of her case. The Clerk's Office is requested to send [Byrne] a copy of this Order together with a long form IFP Application (AO 239), which form includes the line-itemization required. The Court appreciates [Byrne's] cooperation in carefully following the instructions on the form and providing the information requested. Finally, given [Byrne's] threats of self-harm, she is strongly encouraged to call 988 (Suicide and Crisis Lifeline) or 1-888-568-1112 (Maine Crisis Line).

ECF No. 6.

On January 8, 2024, Byrne filed a revised IFP application. *See* ECF No. 7. In her revised application, she attests that she has a monthly income of $3,500, $5 in

her checking account, a Jeep worth $41,795, and several people who owe her "Millions" of dollars. *Id.* at 1-3. On the other hand, she attests that her monthly expenses total $9,500, including a $5,000 monthly expense that she describes as "The courts are broken Society it cost time." *Id.* at 5. In the space for further information, she states,

> I am broke because this court is broken. When courts do not enforce economic rights for women it causes chaos. I did not say I wanted to harm myself. No one likes to live abused by Judges who do not enforce the laws of this land. It would not make you feel happy either. That was slanderous and deflective comments made by this court. This court needs to call the cris[is] hotline. The crisis hotline can[']t make you enforce the laws of this country. The statement the court wrote was inflammatory and deflective and is example of the broken courts and Judges not admitting mistakes.

*Id.*

It is unfortunate that instead of providing a clearer picture of her finances as directed, Byrne has used her second IFP application to continue her diatribe against the unfairness she perceives in the court system. Her nonsensical $5,000 monthly expense attributed to the "broken" courts leaves me unable to give credence to her other representations (many of which have changed significantly since her initial application without explanation). As the Bankruptcy Court recently observed when dismissing Byrne's case in that court, "the Court is left with the definite and firm conviction that [Byrne] does not understand the importance of (or is not interested in) disclosing the true extent of her financial affairs . . . ." *In re: Jodie Louise Byrne*, No. 23-10153, ECF No. 50 (Bankr. D. Me. Nov. 20, 2023).

Because Byrne has twice failed to provide sufficient information to show that she qualifies for IFP status, her second IFP application is **DENIED** and she is **ORDERED** to pay this Court's filing fee by January 24, 2024, failing which her case will be dismissed.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: January 9, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge