UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JODIE LOUISE BYRNE,                )
                                   )
              Plaintiff,            )
                                   )
       v.                          )        No. 1:23-cv-00460-JAW
                                   )
ALLY FINANCIAL INC.                )
                                   )
              Defendant.           )

## DISMISSAL ORDER

Having performed a de novo review of the Magistrate Judge's recommended decision to dismiss a pro se plaintiff's complaint, the Court affirms the dismissal without prejudice over the plaintiff's objection, because the plaintiff filed incomplete, contradictory, false, and accusatory applications for in forma pauperis status in defiance of orders to provide detailed and accurate information to the court.

## I.   BACKGROUND

On December 21, 2023, Jodie Louise Byrne filed a complaint in this Court against Ally Financial Inc. *Compl.* (ECF No. 1). With the Complaint, Ms. Byrne filed a motion to proceed without prepayment of fees and costs. *App. to Proceed in District Ct. Without Prepaying Fees or Costs* at 1-2 (ECF No. 2) (*Short-Form App.*).  In her application, Ms. Byrne represented that, although she was working for a not-for-profit organization, she was not paid for her work. *Id.* ("I do not pay myself") (emphasis in original).  She stated that she had only $78 in cash or in a savings or checking account, a 2020 Jeep, and monthly expenses of $3,000. *Id.* at 2. When asked about the names of all persons who were dependent upon her, Ms. Byrne explained

that she has a Saint Bernard, who costs her more than $600 per month.  In response to a question about debt, Ms. Byrne wrote that she has "$100 K. out."  *Id.*

On December 21, 2023, the Magistrate Judge denied the motion to proceed in forma pauperis.  *Order* (ECF No. 4).  The Magistrate Judge observed that Ms. Byrne "claims to have no income, a lot of debt, and only $78 in cash, but also indicates that she works for a nonprofit, owns a 2020 Jeep, and has $3,000 in monthly expenses." *Id.*  The Magistrate Judge also noted that Ms. Byrne had "inappropriately list[ed] a Saint Bernard as a person who is dependent on her for $600 of support per month." *Id.*  Concluding that Ms. Byrne made "confusing and inconsistent representations," the Magistrate Judge denied her motion and ordered Ms. Byrne to pay the filing fee by December 28, 2023 or file "a revised IFP application with detailed and accurate information about her financial situation, failing which her case will be dismissed." *Id.*

In response, on December 27, 2023, Ms. Byrne filed a six-page motion for reconsideration.  *Mot. for Recons.* at 1-6 (ECF No. 5).  The motion for reconsideration did not enclose a revised IFP application.  *See id.*  Instead, Ms. Byrne filed a rambling, wide-ranging discursive document, comparing conditions in Europe and the United States, decrying American violence, instructing the Magistrate Judge about the cost of feeding Ms. Byrne's Saint Bernard, attacking the judicial system in the United States, and questioning the "intellectual capacity of this court."  *Id.*  In her motion, Ms. Byrne writes that "Ally abused and of course I feel like death over their abuse" and that she "would have crashed this jeep yesterday over the courts abuse if Bella

(her Saint Bernard) was not in the car." *Id.* at 2. She states that "[t]he court and Ally are abusing me so horrifically I don't want to live." *Id.* Ms. Byrne went on to write that "[t]he court has caused this horrific nightmare and [i]f I live much longer with this abuse I will be surprised." *Id.* at 4. Ms. Byrne also asserted that when she returned to this country, she "had a 791-credit score." *Id.*

On December 28, 2023, the Magistrate Judge denied her motion for reconsideration. *Order* (ECF No. 6). After noting it was "[t]he Court's obligation . . . to carefully assess the financial information provided . . . to determine if a plaintiff's financial situation is such that she cannot pay the court's filing fee or other costs," the Magistrate Judge concluded that Ms. Byrne's motion failed to "provide sufficient detail and raises more questions for the Court than it answers." *Id.* The Magistrate Judge gave Ms. Byrne until January 8, 2024 "either to pay the filing fee or file a revised IFP application with more information about her financial circumstances, failing which [she] will recommend the dismissal of the case." *Id.* The Magistrate Judge ordered that the Clerk's Office send Ms. Byrne a long-form IFP application (AO 239) and the Magistrate Judge observed that she "appreciates the Plaintiff's cooperation in carefully following the instructions on the form and providing the information requested." *Id.* Finally, the Magistrate Judge wrote that "given the Plaintiff's threats of self-harm, she is strongly encouraged to call 988 (Suicide and Crisis Lifeline) or 1-888-568-1112 (Maine Crisis Line)." *Id.*

On January 8, 2024, Ms. Byrne filed with the Court an AO 239, the long-form application to proceed in district court without prepaying fees or costs. *App. to*

*Proceed in District Ct. Without Prepaying Fees or Costs* (ECF No. 7) (*Long-Form App.*). On January 9, 2024, the Magistrate Judge denied Ms. Byrne's January 8, 2024 motion. *Order* (ECF No. 8). The Magistrate Judge observed that Ms. Byrne's initial response was "confusing and disturbing." *Id.* at 1. The Magistrate Judge then reviewed Ms. Byrne's revised application for IFP status and noted several inconsistencies and inaccuracies. *Id.* at 2-3.

Quoting Ms. Byrne's concluding statement, the Magistrate Judge found that Ms. Byrne "has used her second IFP application to continue her diatribe against the unfairness she perceives in the court system." *Id.* at 3. The Magistrate Judge also quoted the Bankruptcy Court's language as it dismissed Ms. Byrne's case: "the Court is left with the definite and firm conviction that [Byrne] does not understand the importance of (or is not interested in) disclosing the true extent of her financial affairs. . .." *Id.* (quoting *In re: Jodie Louise Byrne*, No. 23-10153, ECF No. 50 (Bankr. D. Me. Nov. 20, 2023)). Because Ms. Byrne had twice failed to provide sufficient information to show she qualifies for IFP status, the Magistrate Judge ordered her to pay this Court's filing fee by January 24, 2024 "failing which her case will be dismissed." *Id.* at 4.

After Ms. Byrne failed to pay the filing fee by January 24, 2024, on February 5, 2024, the Magistrate Judge recommended that this Court dismiss her complaint without prejudice. *Recommended Dismissal* (ECF No. 10).

On February 20, 2024, Ms. Byrne objected to the recommended dismissal. *Mot. to Appeal Order of filed 2/05/24 Denying Fee Waiver* (ECF No. 11). Ms. Byrne's first

4

objection is that "plaintiff is a victim of ongoing domestic violence," "[t]he US is a broken society," and the "UN ranks the US 37 globally for Justice, Peace and Security for women and children as cited From Georgetown University." *Id.* at 1.  Ms. Byrne condemned the Magistrate Judge for engaging "in slander regarding my name, and I demand the correction to the record" because, according to Ms. Byrne, she "never said I wanted to harm myself." *Id.* at 2.  Ms. Byrne discusses the housing crisis in the United States and Maine, that the United States "started two wars" since 2020, and that her mother died because she was given the wrong medicine. *Id.*  Ms. Byrne stated that she "hope[s] the [Magistrate] Judge seeks self-help for her abusive and alarming behavior toward her employer" and that "[w]omen judges need training." *Id.* at 3.  Next, Mr. Byrne states that she "love[s] the Judge that shoots a gun and then says oh she is threatening self-harm… Sounds like gaslighting and abuse arriving a fellow German.  Judges killed many during WWW2 and in Iran.  The USA is one of the top executioners on the globe." *Id.*

Ms. Byrne says that she enjoyed "lifetime financial security," but her "life was destroyed when I filed for divorce." *Id.* at 4.  She writes that "[e]conomic deprivation is a nightmare gifted by this broken court." *Id.*  Ms. Byrne then claims that if she "were African American, [she] would have received [her] economic rights and my daughters. . .. I don't believe for one second that if I were black, I would have experienced the last decade plus of hell." *Id.*  She says that the reason she cannot pay the filing fee is that she had not "received my economic rights" and "due to court abuse." *Id.* at 4-5.

5

In her objection, Ms. Byrne highlights in bold: "**The facts are clear.  I do not hold my economic rights, nor have I seen my daughters since I reported abuse in 2007.  I feel sad for the United States of America.  I can't waste anymore of my life here in this country.**"  *Id.* at 6.

Turning to the IFP application, Ms. Byrne writes:

> I pray the judges stop attacking women when we say we want our human rights.  If someone ask for a fee waiver you should just grant that.  Why would someone lie?  If someone asks for something, shouldn't you just give it if you can?  Why degrade all.

*Id.*

Ms. Byrne concludes:

> The court does not pass any kind of logic test.  A copy of Acknowledgement of a Supreme Court Writ is attached.  The highest court in the land did not charge a fee to me, and nothing changed economically.  In fact, the USA economy has gotten worse by funding two wars which kills children and women.  The USA thinks killing peoples is normal.  They think abusing women and children is normal. There is a culture problem and its toxic to my health is what I stated.

*Id.* at 7.

## II.    DISCUSSION

### A.    28 U.S.C. § 1915(a)(1): In Forma Pauperis Requirements

28 U.S.C. § 1915(a)(1) provides:

> [A]ny[1] court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the

---

[1]    28 U.S.C. § 1915(a)(1) contains an introductory phrase, "Subject to subsection (b)."  Subsection (b) addresses prisoner actions not relevant to this case so the Court has eliminated the introductory clause for clarity.

action, defense or appeal and affiant's belief that the person is entitled
to redress.

"The determination of whether a plaintiff is indigent and therefore unable to pay the filing fee rests within the Court's sound discretion." *Name Redacted by Ct. v. Mass.*, Civ. Action No. 17-12346-PBS, 2017 U.S. Dist. LEXIS 238827, at *2 (D. Mass. Dec. 1, 2017).   In enacting the in forma pauperis statute, 28 U.S.C. § 1915, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).   The affidavit requirement helps mitigate this disincentive.   A litigant's affidavit is sufficient to be granted in forma pauperis status if it alleges facts showing that the plaintiff, because of poverty, cannot pay or give security for court costs and still be able to provide for herself and her family "the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).   At the same time, a plaintiff need not be completely destitute to be eligible for in forma pauperis status.   *Id.* at 339-40.

The filing fee for a civil action is $405.   *Yaghoobi v. Tufts Med.*, No. 23-cv-12479-DLC, 2024 U.S. Dist. LEXIS 3452, at *1 (D. Mass. Jan. 8, 2024) ("A person commencing a non-habeas civil action must (1) pay a $350 statutory fee, *see* 28 U.S.C. § 1914(a), and a $55 administrative fee").

**B.     Jodie Louise Byrne's Two In Forma Pauperis Applications**

Ms. Byrne filed two applications for in forma pauperis status. Both applications are under penalty of perjury, and Ms. Byrne signed both declarations. The short form application contains a declaration:

> I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

*Short Form App.* at 2. The long form application contains a similar declaration:

> I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested. I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims.

*Long Form App.* at 1.

The first, a short-form application, is incomplete and contradictory. Question 2 asks for her employer's name and address, and Ms. Byrne gives only her employer's name, JlouiseElizabeth, and no address. *Short-Form App.* at 1. Having listed her employer's name, she says she receives no pay or wages from her employment. *Id.* She asserts in response to question 3 that she has no other sources of income, noting "I do not pay myself." *Id.* (emphasis in original). After asserting she has only $78 in a checking or savings account, she says that she owns "Ally Jeep 2020." *Id.* at 2. She then states that she incurs $3,000 each month in regular monthly expenses. *Id.* When asked about expenses for persons under 18 who are dependent upon her, Ms. Byrne lists her Saint Bernard, saying that her pet costs "$600+ per month." *Id.* When

asked about debts and to describe "the amounts owed and to whom they are payable," she responds: "100 K. out." *Id.*

When the Magistrate Judge questioned the answers in her short-form application and ordered her to file a long-form application, Ms. Byrne filed another incomplete and contradictory document. In this application, she says that she earns $3,000 per month from self-employment, and she receives $500 per month in gifts, making her total monthly income equal to $3,500. *Long Form App.* at 1-2. She says that she has been employed by JlouiseElizabeth since 2010 but her employer has never paid her. *Id.* at 2. She asserts that she has only $5.00 in her checking account. *Id.* Ms. Byrne confirms that she owns a 2020 Jeep [Wrangler] Rubicon worth $41,795. *Id.* at 3. Responding to a question about whether anyone owes her money, she lists three individuals who, she says, each owes her "millions." *Id.*

In listing her expenses, Ms. Byrne lists $5,000 in regular monthly expenses and an additional $5,000 under the heading, "The courts are broken Society it cost time." *Id.* at 5. Somehow, Ms. Byrne adds these figures up to $9,500 in expenses per month. *Id.* She then claims that she has spent or will be spending $5,000 for expenses or attorney's fees in conjunction with this lawsuit despite filing to proceed in forma pauperis. *Id.*

Ms. Byrne ends by writing:

> I am broke because this court is broken. When courts do not enforce economic rights for women it causes chaos. I did not say I wanted to harm myself. No one likes to live abused by Judges who do not enforce the laws of this land. It would not make you feel happy either. That was slanderous and deflective comments made by this court. This court need to call the cris[is] hot line. The crisis hotline can[']t make you

enforce the laws of this country.  The statement the court wrote was inflammatory and deflective and is [an] example of the broken courts and Judges not admitting mistakes.

*Id.* at 5.

## C.    The Court's Analysis

The Court agrees with the Magistrate Judge that both the short and long forms Ms. Byrne filed do not carry her burden to demonstrate that she cannot afford to pay the filing fee.  Both the short and long forms are incomplete, itself a reason to deny the motion.  *Name Redacted*, 2017 U.S. Dist. LEXIS 238827, at *3 ("Here, plaintiff has not sufficiently shown her inability to pay the filing fee because her in forma pauperis application is incomplete"); *Yaghoobi*, 2-24 U.S. Dist. LEXIS 3452, at *2-3 (denying a motion for in forma pauperis status based on incomplete information).

They are also contradictory, both internally and between each other.  In her short form application, she did not list any income, but in her long form application, she stated that she receives $3,000 per month in self-employment income.  Her acknowledgement that she receives $3,000 per month in self-employment income contradicts her short form statement that "I do not pay <u>myself</u>."  In her short form application, she states that she receives no gifts, but in her long form application, she says that she receives $500 per month in gifts.  In her short form application, she says her monthly expenses equal $3,000, but in her long form application, she states that her monthly expenses are $9,500.  In her short form application, she says that she owes "100 K," but in her long form applications, she states that she is owed "millions" of dollars from three individuals.  The Court is not able to reconcile the

assertions and figures in her two applications, both of which she signed under penalty of perjury.

Ms. Byrne's gratuitous attacks against the integrity and ability of the Magistrate Judge are not merely unfounded, but they also have no place in applications to provide information to determine her eligibility for in forma pauperis status.

Although it is not essential to the Court's affirmance, the Court rejects Ms. Byrne's imprecations against the Magistrate Judge for the Magistrate Judge's human concern about whether the statements in Ms. Byrne's December 27, 2023 suggested that Ms. Byrne might harm herself. In her December 27, 2023 motion, Ms. Byrne wrote that "Ally abused and of course I feel like death over their abuse" and that she "would have crashed this jeep yesterday over the courts abuse if Bella (her Saint Bernard) was not in the car." *Id.* at 2. Further, she stated that "[t]he court and Ally are abusing me so horrifically I don't want to live." *Id.* at 3. Ms. Byrne went on to write that "[t]he court has caused this horrific nightmare and [i]f I live much longer with this abuse I will be surprised." *Id.* at 4. Although Ms. Byrne emphatically denies she threatened self-harm and castigates the Magistrate Judge for thinking so, the natural inference from Ms. Byrne's statement that she did not "want to live" is that she wanted to die, particularly when read in the context of her saying she would have crashed her motor vehicle if her pet were not in the vehicle at the time. In this Court's view, the Magistrate Judge acted responsibly and compassionately in treating Ms. Byrne's statements seriously and urging her to get help. This Court is relieved that

11

Ms. Byrne did not mean what she wrote, but the Magistrate Judge could not know that. Furthermore, the Magistrate Judge's precautionary advice to Ms. Byrne was purely prophylactic and out of concern for her well-being, especially since the Magistrate Judge was denying her in forma pauperis motion, not "slander" as Ms. Byrne alleges.

The final question is whether the sanction of dismissal is justified. Here, the Court concludes it is. First, when Ms. Byrne signed both forms under penalty of perjury, she was informed that if she made a false statement, her claim could be dismissed. Here, the Court concludes based on the contradictory information Ms. Byrne provided in both forms, some of the information is false and therefore dismissal is warranted.

Furthermore, the Court concludes that Ms. Byrne failed to demonstrate she has taken the Court's indigency affidavits seriously. She has given incomplete, contradictory, and accusatory information in response to the Magistrate Judge's request that she accurately complete the forms so that the Magistrate Judge could meet her statutory obligation of judicial review.

Notably, the Magistrate Judge was careful to recommend dismissal without prejudice, which means that if Ms. Byrne wishes to renew her civil action against Ally Financial, Inc., she may do so. However, if she chooses to file a new lawsuit, she must be prepared either to pay the $405 filing fee or to complete a truthful, complete, accurate, and responsive short (AO 240) or long form (AO 239) to obtain in forma pauperis status.

### III.   CONCLUSION

Having performed a de novo review pursuant to 28 U.S.C. § 636(b)(1)(B), the Court OVERRULES Jodie Louise Byrne's objection (ECF No. 11) to the Magistrate Judge's recommended decision (ECF No. 10), AFFIRMS the recommended decision, and DISMISSES Jodie Louise Byrne's Complaint without prejudice.

SO ORDERED.


/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 18th day of March, 2024